ZEICHNER ELLMAN & KRAUSE LLP
33 Wood Avenue South, Suite 110
Iselin, New Jersey 08830
(973) 618-9100
KERRY A. DUFFY (KD6480)
Attorneys for Plaintiff Stenn Assets UK Limited

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STENN ASSETS UK LIMITED,<br><br>                                Plaintiff,<br><br>v.<br><br>GIGA TENTS INC.,<br><br>                                Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff Stenn Assets UK Limited ("Plaintiff" or "Stenn"), by and through its attorneys Zeichner Ellman & Krause LLP, hereby complains against Defendant Giga Tents Inc. ("Defendant" or "Giga Tents") and alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action for breach of contract action and for Defendant's refusal to pay an undisputed amount stated. Giga Tents purchased goods, particularly tents. Non-party Jinhua Hawk Outdoor Products Co., Ltd ("Jinhua") which owned the accounts receivable with respect to said goods, assigned the accounts receivable totaling $217,810 to Stenn. Despite the fact that Giga Tents has acknowledged and accepted in writing the assignment by Jinhua and its debt to Stenn without any defense, Giga Tents has refused to pay the remaining principal amount of $152,839.90 currently due to Stenn.

1

## PARTIES

2. Plaintiff Stenn is private limited company organized and existing under the laws of the United Kingdom. Its principal place of business is located at V 101, 1-45 Durham Street, London SE11 5JH, United Kingdom. No owner of Stenn is a citizen of New Jersey.

3. Defendant Giga Tents is a domestic profit corporation organized and existing under the laws of the State of Jersey, with its principal place of business at 55 Haul Road, Wayne, Passaic County, New Jersey 07470.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is in dispute in this action.

5. Venue is proper within the District Court of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because Defendant maintains a principal place of business in this Judicial District and a substantial portion of the events giving rise to the claims occurred within and/or directly impact this Judicial District.

## FACTUAL ALLEGATIONS

6. Stenn and Jinhua each signed Framework Agreement 992-STN-21 dated August 26, 2021 (the "Framework Agreement").

7. In the Framework Agreement, Jinhua represented that it was the owner of monetary accounts receivable under certain trade arrangements.

8. In the Framework Agreement, Jinhua represented that it that it desired transfer to Stenn its right, title, and interest in said accounts receivable.

9. In the Framework Agreement, Stenn agreed it would pay a purchase price for particular accounts receivable as specified in an Exhibit to the Framework Agreement with regard to any particular transaction.

### The First Purchase and Receivable

10. Giga Tents agreed to purchase 13,335 tents from Jinhua.

11. In connection with the foregoing transaction, Jinhua issued Invoice #BH1355 dated November 2, 2021, to Giga Tents with respect to the 13,335 tents. The total amount of this invoice was $93,345.00. A true and accurate copy of the November 2, 2021 Invoice is annexed as **Exhibit A**.

12. Invoice #BH1355 stated that payment terms were "Net 90" days.

13. Jinhua and Stenn entered into an Exhibit No. 992-STN-21-5 to the Framework Agreement with regard to Jinhua's Invoices #BH1353, #BH1354 and #BH1355 dated November 4, 2021. It was signed by both Jinhua and Stenn. A true and accurate copy of Exhibit No. 992-STN-21-5 is annexed as **Exhibit B**.

14. By said Exhibit No. 992-STN-21-5, Jinhua transferred to Stenn its right, title and interest in Invoices #BH1353, #BH1354 and #BH1355 for payment from Giga Tents in the amounts of $78,330, $28,870, and $93,345.00 respectively.

15. By Notice of Assignment of Accounts Receivable dated November 4, 2021 (the "November 4 NOA"), signed by Giga Tents, Stenn and Jinhua, Giga Tents acknowledged that the account receivable with regard to Jinhua Invoices #BH1353, #BH1354 and #BH1355 with balances due of $78,330, $28,870, and $93,345.00

respectively had been assigned to Stenn. *See* November 4 NOA, attached as **Exhibit C** hereto.

16. The November 4 NOA specifically states:

"You [Giga Tents ] agree and acknowledge that the Accounts Receivable represent purely monetary claims payable by you to Stenn Assets UK Limited. You fully accept the assignment and confirm your obligation to settle the Accounts Receivable in favor of Stenn Assets UK Limited in the amounts and by the dates specified above."

17. The November 4 NOA also specifically states:

"By accepting this Notice and in consideration for the purchase of the Accounts Receivable by Stenn Assets UK Limited, you acknowledge that title to the goods related to the Accounts Receivable and their risk of loss have passed from the Jinhua LIMITED to you, and the terms of the Trade Contract in relation to the Accounts Receivable are amended such that you have an obligation to pay the Balance Due amounts specified above to Stenn Assets UK Limited ***without any claim for offset, deduction, defense or counterclaim.***"

(Emphasis added)

18. Giga Tent has been paid in full with respect to Invoices BH1353 and BH1354.

19. Giga Tents has not paid to Stenn the sum of $93,345.00. as set forth in the November 4 NOA with respect to Invoice BH1355.

### The Second Purchase and Receivable

20. Giga Tents agreed to purchase 5,565 tents from Jinhua.

21. In connection with the foregoing transaction, Jinhua issued Invoice #BH1356 dated December 6, 2021, to Giga Tents with respect to the 5,565 tents. The

total amount of this invoice was $57,475.20. A true and accurate copy of the December 6, 2021 Invoice is annexed as **Exhibit D**.

22. Invoice #BH1356 stated that the payment terms were "Net 60" days.

23. Jinhua and Stenn entered into Exhibit No. 992-STN-21-7 to the Framework Agreement about Jinhua's Invoice #BH1356 dated December 10, 2021. It was signed by both Jinhua and Stenn. A true and accurate copy of Exhibit No. 992-STN-21-7 is annexed as **Exhibit E**.

24. By said Exhibit No. 992-STN-21-7, Jinhua transferred to Stenn its right, title, and interest in Invoice #BH1356 for payment from Giga Tents in the amount of $57,475.20.

25. By Notice of Assignment of Accounts Receivable dated December 10, 2021 (the "December 10 NOA"), signed by Giga Tents, Stenn and Jinhua, Giga Tents acknowledged that the account receivable with regard to Jinhua Invoice #BH1356 with a "Balance Due" of $57,475.20. had been assigned to Stenn. *See* December 10 NOA, attached as **Exhibit F** hereto.

26. The December 10 NOA included the same provisions as those quoted above in paragraphs 16 and 16 as found in the November 4 NOA.

27. Giga Tents has not paid to Stenn the $57,475.20 set forth in the December 10 NOA.

### The Third Purchase and Receivable

28. Giga Tents ordered 6,643 tents from Jinhua.

29. In connection with the foregoing transaction, Jinhua issued Invoice #BH1357 dated January 5, 2022, to Giga Tents with respect to the 6,643 tents. The total amount of this invoice was $66,999. A true and accurate copy of the January 5, 2022 Invoice is annexed as **Exhibit G.**

30. Invoice #BH1357 stated that the payment were "Net 90" days.

31. Jinhua and Stenn entered into Exhibit No. 992-STN-21-8 to the Framework Agreement about Jinhua's Invoice #1357 dated January 5, 2022. It was signed by both Jinhua and Stenn. A true and accurate copy of Exhibit No. 992-STN-21-8 is annexed as **Exhibit H.**

32. By said Exhibit No. 992-STN-21-8, Jinhua transferred to Stenn its right, title, and interest in Invoice #BH1357 for payment from Giga Tents in the amount of $66,999.

33. By Notice of Assignment of Accounts Receivable dated January 5, 2022 (the "January 5 NOA"), signed by Giga Tents, Stenn and Jinhua, Giga Tents acknowledged that the account receivable with regard to Jinhua Invoice #1357 with a "Balance Due" of $66,999 had been assigned to Stenn. *See* January 5 NOA, attached as **Exhibit I** hereto.

34. The January 5 NOA included the same provisions as those quoted above in paragraphs 16 and 17 as found in the November 6 NOA.

35. Giga Tents has not paid to Stenn the $66,999 set forth in the January 5 NOA.

## DEFENDANT'S DEFAULTS

36. Giga Tents failed to remit payment on the subject invoices when they came due and as set forth on the November 4, December 6 and January 5 NOAs ("collectively, the "NOAs").

37. On or about June 29, 2022, Giga Tents made a partial payment of the outstanding debt in the amount of $24,992.63.

38. On or about August 3, 2022, Stenn, through its representative, emailed Giga Tents in regard to the outstanding debt then owed by Giga Tents in the amount of $192,826.57 and to see if an amicable solution on repayment of the outstanding debt.

39. In response, on August 23, 2022, Giga Tents, through its representative, Abe Braun, apologized for not responding to Stenn's emails, and stated "I will pay back every penny in the next 3 to 4 weeks[.]" *See* Mr. Braun's August 23, 2022 email attached as **Exhibit J** hereto.

40. Giga Tents did not pay the $192,826.57 demanded.

41. Stenn, by its counsel, sent a demand letter dated September 6, 2022, wherein Stenn demanded immediate payment by Giga Tents of all amounts due then due and owing in the amount of $192,826.57. *See* Stenn's demand letter to Giga Tents dated September 6, 2022, attached as **Exhibit K** hereto.

42. On September 6, 2022, in response to Stenn's demand letter Mr. Braun emailed Stenn's attorneys stating "Really sorry for what happened. GigaTent will pay back every penny in the next four weeks." *See* Mr. Braun's September 6 email attached as **Exhibit L** hereto.

43. On or about September 12, 2022, Giga Tents made a partial payment in the amount of $24,993.04.

44. On or about September 26, 2022, Giga Tents made an additional payment in the amount of $14,993.63.

45. Giga Tents has not made any further payments, and the sum of $152,839.90 remains due and outstanding.

### COUNT I
### (BREACH OF CONTRACT)

46. Stenn realleges and incorporates by reference the preceding allegations.

47. The NOAs are valid and binding agreements by and among Stenn, Giga Tents, and Jinhua.

48. Stenn has performed, and continues to perform, all of its obligations under the NOAs.

49. Giga Tents has breached the NOAs by failing to pay Stenn the Accounts Receivable as set forth in the NOAs.

50. As a result of Giga Tents' breach, Stenn has suffered damages in the principal amount of not less than $152,839.90.

### COUNT II
### (ACCOUNT STATED)

51. Stenn repeats and realleges the allegations contained in paragraphs 1 through 47 above.

52. Stenn has stated to Giga Tents the amount due on the Invoices.

53. There is an express and/or an implied agreement as to the amount due from Giga Tents to Stenn.

54. Giga Tents has accepted and confirmed the amount due.

55. Giga Tents has promised to pay the amount stated as due on the Invoices.

56. As such, Stenn is entitled to a money judgment in an amount of $152,839.90, plus interest, costs, and disbursements.

### PRAYER FOR RELIEF

**WHEREFORE**, Stenn prays for the following relief:

A. For a judgment in favor of Stenn in the principal amount $152,839.90 against Giga Tents, plus all applicable accrued interest;

B. Awarding Stenn reasonable attorneys' fees and costs, to the fullest extent allowed by law; and

C. Granting all such additional and/or further relief as this Court deems just and equitable.

DATED: October 18, 2022

                        ZEICHNER ELLMAN & KRAUSE LLP
                        Attorneys for Plaintiff
                        Stenn Assets UK Limited

BY: _____
      KERRY A. DUFFY

## **VERIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

DATED: October 18, 2022

                                          ZEICHNER ELLMAN & KRAUSE LLP
                                          Attorneys for Plaintiff
                                          Stenn Assets UK Limited

BY: _____
           KERRY A. DUFFY