UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STENN ASSETS UK LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GIGA TENTS INC.,<br><br>Defendant. | Civil Action No. 22-6144 (CCC)<br><br>REPORT & RECCOMMENDATION |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Stenn Assets UK Limited ("Plaintiff") seeking to enforce a settlement agreement allegedly reached between Plaintiff and Defendant Giga Tents Inc. ("Defendant"). *See* Dkt. No. 30. The motion is unopposed. For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to enforce settlement and for entry of judgment [Dkt. No. 30] be **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed a Complaint in this action alleging breach of contract on October 18, 2022. Dkt. No. 1, Complaint at ¶ 1. Plaintiff, a private company based out of the United Kingdom, alleges that Defendant refused to pay the principal amount owned to Plaintiff for the purchase of certain goods, particularly tents. *Id.* Defendant filed an Answer and Counterclaim on December 16, 2022. *See* Dkt. No. 9. Plaintiff filed its Answer to the Counterclaim on January 6, 2023. *See* Dkt. No. 12. A Pretrial Scheduling Order was issued on February 22, 2023. *See* Dkt. No. 13. Thereafter, from late March 2023 through June 2023, the parties, through their respective counsel, engaged in settlement discussions. *See* Dkt. No. 30-3, Declaration of Kerry A. Duffy ("Duffy Decl.") at ¶ 8-9. These discussions prompted Plaintiff's counsel to circulate proposed settlement documents

including an agreement, consent judgment, and forms of release and dismissal on or about March 21, 2023. *Id*. In total, Plaintiff claims it is owed $131,207.07 as a result of Defendant's breach of contract, but the settlement agreement called for Defendant to pay Plaintiff the aggregate sum of $130,000.00. *See* Dkt. No. 30-3, Duffy Decl. Exhibit C. Payment was to be broken down as follows: an initial lump sum of $15,000 (which had already been paid by the time the settlement agreement was circulated); $15,000 for seven (7) consecutive months from June 2023 to December 2023; and a final payment of $10,000 due on January 1, 2024. *Id.* Furthermore, under Section 3 of the settlement agreement, Defendant agreed to the extent that it defaulted on its payment obligations, Plaintiff would be entitled to a judgment in the full amount of $131,207.07, minus a credit for payments already received. *Id.*

On May 31, 2023, in response to a number of emails from Plaintiff's counsel regarding discovery, counsel for Defendant advised via email that the executed settlement documents would be forthcoming. *See* Duffy Decl. at ¶ 11. On June 1, 2023, Plaintiff's counsel sent a letter to the Court stating that the parties had reached a settlement in principle. Dkt. No. 14. On June 8, 2023, Defendant's counsel filed a motion to withdraw as counsel citing a breakdown of communication which complicated the agreed settlement. *See* Dkt. Nos. 16, 17, and 18.

On June 14, 2023, another letter was sent to the Court stating, in relevant part, that Defendant had already made two payments in connection with the draft settlement. Dkt. No. 22. Specifically, Plaintiff's records show that Defendant had made a payment of $14,992.51 on or about May 3, 2023 and a payment of $14,970.00 on or about June 5, 2023. *See* Dkt. No. 30-2, Declaration of Gregory Karpovsky ("Karpovsky Decl.") at ¶ 6. Thereafter, on June 20, 2023, the Court entered a 60-day order administratively terminating the action to allow for the parties to file the necessary papers to dismiss the matter. Dkt. No. 24. The termination period was extended an

additional thirty days on August 7, 2023. Dkt. No. 27.

On July 21, 2023, counsel for Defendant turned over a signed copy of the settlement agreement to counsel for Plaintiff, but the consent judgment and form for dismissal were not returned. *See* Dkt. No. 30-3 Duffy Decl. Exhibit C. Shortly thereafter, the settlement agreement was supposedly countersigned by Plaintiff, through its director Gregory Karpovsky. *See* Dkt. No. 30-2, Karpovsky Decl. at ¶ 8. Over the next few months, Plaintiff's counsel reached out to Defendant's counsel regarding missed and/or incomplete payments and the status of the remaining settlement documents. *See* Dkt. No. 30-3, Duffy Decl. Exhibits D and E. Eventually, in August 2023, Defendant's counsel stated that another payment and any documents that have not been returned would be sent over shortly. *Id.,* Exhibit F. To date, the signed consent judgment and form for dismissal have not been executed by Defendant and returned to Plaintiff. *Id.* at ¶ 28.

Since March 21, 2023, Plaintiff has received five total payments of varying amounts totaling $46,207.07 from Defendant. *See* Dkt. No. 30-2, Karpovsky Decl. at ¶ 6. However, the payments made were not aligned with the amounts required by the settlement agreement, putting Defendants in default under the terms of the signed agreement. *Id.* Following a telephone status conference held on September 11, 2023, the Court reopened this matter to consider a motion to enforce the settlement and denied Defendant's counsel's request to withdraw. Dkt. No. 29. On September 12, 2023, as a final effort to avoid filing the pending motion, Plaintiff again put Defendant on notice that it was in default and requested the outstanding documents. *Id.*, Exhibit G. After not receiving the proper payments or documents to cure Defendant's default, Plaintiff filed the pending motion on September 22, 2023 claiming it is entitled to a judgment of $85,000. Dkt. No. 30. The $85,000 figure constitutes the full amount of $131,207.07, as permitted due to Defendant's default, minus $46,207.07 for payments already received. The motion is unopposed.

## II.   DISCUSSION

The law governing the enforcement of a settlement agreement holds that a settlement agreement between parties to a lawsuit is a contract like any other contract. *Peskin v. Peskin*, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994) (*citing Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990)). A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. *U.S. v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (*citing Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280 (1992)). That contract is enforceable if the parties agree on essential terms and manifest an intention to be bound by those terms. *Id.* Where the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable. *Id.*

A settlement agreement need not be reduced to writing to be binding. *Vandergrift v. Pennsauken School District*, 2017 WL 6566139, at *4 (D.N.J. 2017). "So long as the basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intent to be bound." *Id.* (*citing Hagrish v. Olson*, 254 N.J. Super. 133, 138, 603 A.2d 108 (App. Div. 1992) (citation and quotation omitted)). "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges." *Lahue v. Pio Costa*, 263 N.J. Super. 575, 596 (App. Div.) (*quoting Bistricer v. Bistricer*, 231 N.J. Super. 143, 145 (Ch. Div. 1987)). The addition of terms to effectuate the settlement that do not alter the basic agreement will not operate to avoid enforcement of an agreement to settle a litigated matter. *Bistricer*, 231 N.J. Super. at 148, 151.

The party seeking to enforce the alleged settlement agreement has the burden of proving the existence of the agreement under contract law. *Lightman*, 988 F. Supp. at 458 (citations omitted). Courts treat a motion to enforce a settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. *Washington v. Klem*, 388 F. App'x 84, 85 (3d Cir. 2010) (*citing Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991)).

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

In addition, "New Jersey has a strong public policy in favor of settlements." *McDonnell v. Engine Distribs.*, Civ. A. No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir. 2009) (*citing Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990)). "Courts will therefore 'strain to give effect to the terms of a settlement wherever possible.' " *McDonnell*, 2007 WL 2814628, at *3 (*quoting Dep't of Pub. Advoc., Div. of Rate Couns. v. N.J. Bd. of Pub. Utils.*, 503 A.2d 331, 333 (N.J. App. Div. 1985)).

Here, applying the foregoing standard, the Court finds Plaintiff has carried its burden of showing that the parties entered into a valid and enforceable agreement to settle this action. According to evidence submitted by Plaintiff in support of this motion, Defendant agreed to pay a

5

sum of money in return for extinguishing the claims against it and even began performance by making partial payments toward the agreed settlement amount before the settlement agreement was circulated. Plaintiff's counsel, Kerry A. Duffy, has submitted a certification recounting the negotiation of the agreement with Defendant and its counsel, the preparation and circulation of the release, and her communications with Defendant's counsel on numerous occasions after sending him the documents for execution by Defendant. None of these assertions are controverted.

Specifically, the Court finds that the parties entered into a valid agreement to settle the matter for a total amount of $130,000. Defendant began performance by making initial payments and then accepted the terms of the agreement in writing. The agreement was circulated by Plaintiff, signed by Defendant, and returned to Plaintiff. The agreement addresses all of the principal terms necessary to resolve the litigation between the parties. It defines the amounts to be paid, what constitutes default, and the consequences of default. Per those terms, the Court finds that Defendant is in default of its payment and for failure to return the proper documents to Plaintiff. Thus, under the binding terms of the settlement agreement, Plaintiff is entitled to recover the full amount of $131,207.07 minus the $46,207.07 already received from Defendant. Defendant does not oppose the pending motion and has not otherwise raised any objections to any of Plaintiff's assertions. Finally, there are no indications of fraud or other compelling evidence which would prevent this Court's enforcement of the agreement. Therefore, the Court finds that Plaintiff is entitled to enforcement of the settlement agreement and judgment as a matter of law in the amount of $85,000.

### III. CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 28th day of February, 2024,

**RECOMMENDED** that Plaintiff's motion to enforce settlement and for entry of judgment [Dkt. No. 30] be **GRANTED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**